**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **PASHALA PERRY** | * | **CIVIL ACTION NO.** |
| **V.** | * | **JUDGE** |
| **OPTUM SERVICES, INC.** | * | **MAGISTRATE** |
| | | **JURY DEMAND** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Pashala Perry ("Plaintiff"), who respectfully represents the following:

## I.  JURISDICTION

1.      This is an action for declaratory, injunctive and monetary relief under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. Section 2000e *et seq;* under the Family and Medical Leave Act ("FMLA"), codified at 29 U.S.C. Section 2601 *et seq.*, and  under the Americans with Disabilities Act, codified at 42 U.S.C. Sections 12101 *et seq*. Jurisdiction is based on 42 U.S.C Section 2000e-5 (f)(3), 29 U.S.C. Section 2617(a)(2), 42 U.S.C. Section 12117, and 28 U.S.C. Section 1331.

## II.  PARTIES

2.      Plaintiff, Pashala Perry, is an adult female and a resident of State of Louisiana currently residing in Shreveport, Louisiana.

3.      Made Defendant in this action is:

**OPTUM SERVICES, INC.**, a company organized under the laws of the United States of America ("Defendant" or "Optum")

1

4.      At all times referred to in this Complaint, Defendant was engaged in an industry affecting commerce.

5.      Defendant was Plaintiff's "employer" within the meaning of 42 U.S.C. Section 2000e *et seq*, 29, U.S.C. Section 2611(4),  and 42 U.S.C. Section 12101.

## III.  VENUE

6.      Venue lies in this Court as the unlawful employment practices and other actions made the basis of this suit occurred within the Western District of Louisiana.

## IV.  FACTUAL ALLEGATIONS

7.      Plaintiff Pashala Perry was hired by Defendant as Home Care Nurse Practitioner on or about July 7, 2015. In this capacity, Plaintiff was responsible for providing in-home wellness assessments to Medicare members. During her seven years of service, Plaintiff received positive and commendable performance evaluations. She was never disciplined or placed on any form of corrective action plan, and she was selected to attend numerous professional development activities on a state and national level.

8.      Plaintiff worked in the Panola, Texas area back in 2016 and 2017 under the supervision of Manager Sherrie Gaddis. While performing her in-home wellness assessments, during this time, Plaintiff experienced multiple exchanges with client members that were discriminatory because of her gender and race.

9.      Since October 2020, Plaintiff's assigned area was Harrison/Panola County in Texas and she was under the supervision of Manager Amy Freeman ("Ms. Freeman"). Plaintiff expressed her concerns to her Ms. Freeman about her previous discriminatory experiences in this area and she provided Ms. Freeman with a description of these discriminatory experiences. Plaintiff detailed these instances in a March 8, 2021, email to Ms. Freeman and complained of

the same.

10.     After Ms. Freeman reviewed the March 8, 2021, email relative to Plaintiff's discriminatory experiences, a safety review was conducted of the Panola County, Texas area. Their safety review revealed that Panola County, Texas was unsafe. Plaintiff was reassigned to a new territory.

11.     This new territory included Harrison County in Texas, but it also now required Plaintiff to begin seeing more patients in Caddo Parish, as a newly assigned area, and specifically several high crime areas of Shreveport, Louisiana.

12.     In early April 2021, Plaintiff began expressing her concerns to Ms. Freeman about the high crime and gun activity that was taking place in her newly assigned area in Shreveport, Louisiana. Plaintiff further expressed her concern that she had been transferred into an even higher crime area of Shreveport, Louisiana, in retaliation for her previous March 8, 2021, protected activity.

13.     Plaintiff requested that her newly assigned region be modified to include only Desoto Parish, Bossier Parish, and the Harrison County area in Texas, and she specifically requested that her area not include Caddo Parish. Plaintiff's request was denied, and she continued to service her assigned area.

14.     As a result of Plaintiff's interactions with client members during in-home wellness visits in her newly assigned area, Plaintiff began to feel unsafe. For example, one home health care worker from another company was shot while going to visit her patient in an area now assigned to Plaintiff. Plaintiff articulated her complaints to her manager via text on April 22, 2021. On April 28, 2021, Plaintiff received via text from Ms. Freeman that she submitted the newly assigned area for a safety review.

15.    Plaintiff continued to attempt to perform her job duties; however, she began to suffer from increased anxiety, fear and depression as a result of the unsafe areas where she was required to work. Plaintiff reached out to Ms. Freeman to follow up on the safety review of her newly assigned area. On May 28, 2021, Plaintiff received an email from Ms. Freeman stating that the safety review that was initiated had an error in the zip code and that a new safety review was being requested.

16.    Plaintiff continued to communicate her safety concerns to Ms. Freeman detailing the effect these concerns were having on her as to anxiety, fear and depression. Ms. Freeman took no actions to provide Plaintiff any relief and only instructed Plaintiff to contact Defendant's Employee Assistance Program. Ultimately, as result of the serious medical conditions that Plaintiff was experiencing, Plaintiff applied for leave under the Family Medical Leave Act. She was eventually granted Short Term Disability for the time period June 10, 2021, through December 17, 2021.

17.    On June 10, 2021, Plaintiff began her leave for work related stress and anxiety and depression.

18.    On July 10, 2021, while on leave, Plaintiff received multiple calls from House Call Customer Service stating that the patients were complaining that Plaintiff was not coming to visit them as they expected and as shown on their schedules. Plaintiff responded that she was on leave, and that she was not supposed to be receiving any phone calls or to be scheduled to see any patients.

19.    On July 15, 2021, Plaintiff contacted Ms. Freeman and advised of the complaints and, once again,  inquired about the safety review. Ms. Freeman advised Plaintiff to disregard the complaints and messages stating that  she would speak with Brian Shelly, Providers Relations

4

Analyst, about this matter. Ms. Freeman never responded about the safety review nor did she provide any update regarding the same.

20.     Upon being released to return to work on October 24, 2021, Plaintiff, through her medical providers, requested that she be allowed to return to work with reasonable accommodations. Said accommodations requested included, but were not limited to, a request that Plaintiff allowed to conduct virtual in-home wellness sessions and limit work hours to not greater than thirty (30) hours per week. Plaintiff also discussed with Defendant an accommodation of being allowed to return to work but to be transferred to an area with a lower crime rate. Plaintiff initiated the interactive process. Despite Plaintiff's request for reasonable accommodations, Defendant denied the same and failed to engage in any interactive process.

21.     Plaintiff remained on short-term leave  until it ended, and she was not qualified for Long Term Disability in January 2022. Plaintiff was never allowed to return to work despite the fact that she had  been released to do so. On April 7, 2022, Plaintiff was informed that her employment was terminated. The stated reason for the termination of her employment was that Plaintiff had allegedly falsified a patient assessment in April 2021 nearly one year before the termination of her employment. This allegation was false and pretextual for Defendant's discriminatory and retaliatory conduct against Plaintiff.

### V.  CAUSE OF ACTION

22.     The actions, conduct and procedures of Defendant complained of herein constitute purposeful discrimination against Plaintiff based upon her race and gender and/or in retaliation for opposition to discrimination in violation of Title VII of the Civil Rights Act, as amended, codified under 42 U.S.C. 2000e.

23.     The actions and conduct of Defendant set forth herein constitute interference,

restraint or denial of Plaintiff's rights under the FMLA in violation of 29 U.S.C. §2615 in the following non-exclusive particulars:

    (a)    Failing to reinstate Plaintiff following the FMLA leave;

    (b)    Retaliating against Plaintiff for requesting leave due under the FMLA; and

    (c)    Interfering with Plaintiff's FMLA leave; and

    (d)    Retaliating against Plaintiff because of her leave under FMLA.

24. The actions and conduct of Defendant set forth herein constitutes discrimination due to disability and/or being regarded as disabled and failing to accommodate a disability or to properly engage in the interactive process in violation of 42 U.S.C. Section 12101 *et seq.*

25. The Defendant's actions complained of herein were performed with malice or reckless indifference to and in knowing violation or reckless disregard of Plaintiff's federally protected rights and caused Plaintiff emotional distress.

26. As a result of the actions taken by Defendant, Plaintiff has suffered tremendous anxiety, mental anguish, mental suffering, humiliation and embarrassment. The damage done to Plaintiff's reputation as an employee has been enormous, and Plaintiff has suffered both economic and emotional distress because of Defendant's conduct.

## VI.  ADMINISTRATIVE PREREQUISITES

27. Plaintiff has timely filed a charge of discrimination with the Equal Employment Opportunity Commission and Louisiana Commission on Human Rights and received a Notice of Right to Sue on February 24, 2023.

## VII.  JURY TRIAL DEMANDED

28. Plaintiff demands a trial by jury as to all matters permitted by law.

## VIII.  RELIEF

WHEREFORE, PLAINTIFF PRAYS:

A.      that the Court declare the employment practices of which complaint is made to be in violation of 42 U.S.C. Section 2000e *et. seq* ; 29 U.S.C. Sections 2601 *et seq*., and 42 U.S.C. Sections 12101 *et seq*. and otherwise inculpatory and illegal;

B.      that the Court order Defendant to pay front pay and lost future wages in amounts to be determined by the jury;

C.      that Plaintiff be awarded back pay, including prejudgment interest, and any other benefits or seniority to which he may have been entitled or which he may have lost as a result of the discrimination or retaliation or tortious conduct against her;

D.      that Plaintiff be awarded compensatory and punitive/liquidated damages pursuant to 42 U.S.C. Section 2000e *et seq*; 29 U.S.C. Section 2617(a) *et seq*,  and 42 U.S.C. Section 12101 *et seq*.;

E.      that Plaintiff be awarded the costs of this action, including attorneys' fees, pursuant to 42 U.S.C. Section 2000e *et seq*; 29 U.S. C. Section 2617(a)(3) and  42 U.S.C. Section 12101 *et seq*.;

F.      for trial by jury for those matters triable to a jury; and

G.      that Plaintiff be awarded such other and further relief as the Court finds equitable, just and proper.

7

Respectfully submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990

By:___*/s/ Allison A. Jones*_____
ATTORNEYS FOR PLAINTIFF

8

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| PASHALA PERRY | * | CIVIL ACTION NO. |
| V. | * | JUDGE |
| OPTUM SERVICES, INC. | * | MAGISTRATE<br>JURY DEMAND |

## VERIFICATION

BEFORE ME, the undersigned Notary Public, personally came and appeared PASHALA PERRY, who did depose and state that she is the Plaintiff in the foregoing Complaint, that she has read the Complaint, and that all of the allegations contained therein are true and correct to the best of her knowledge, information and belief.

_____
PASHALA PERRY

SWORN TO AND SUBSCRIBED before me, Notary Public, this 17th day of May, 2023.

_____
NOTARY PUBLIC

DEBBIE F. BENTON, Notary Public
# 49018
Caddo Parish, Louisiana
My Commission is for Life

8